UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PAUL D RODRIGUEZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-07-471 |
| | § | |
| OCWEN LOAN SERVICING LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER OF REMAND**

On this day came on to be considered the Court's <u>sua</u> <u>sponte</u> review of its subject-matter jurisdiction in the above-styled action.[1]   For the reasons stated herein, the Court finds that subject-matter jurisdiction is lacking, and the Court hereby REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the County Court at Law No. 1 of Nueces County, Texas, where it was originally filed and assigned Cause No. 07-62169-1.

I.      **Factual and Procedural Background**

Plaintiffs Paul D. and Mary Lou S. Rodriguez bring this suit in connection with a mortgage on a property in Corpus Christi, Texas.  (Plaintiffs' Original Petition, D.E. 1, Notice of Removal, Exh. B-1).  Plaintiffs purchased the property in 1994, and state that from the time of purchase until April, 2004, "Plaintiffs were in default on the payments due under the terms of the [mortgage] Note."  (Id., ¶ 13).  Plaintiffs state that in May, 2004, they entered into a forbearance agreement with Defendant Ocwen Loan Servicing, LLC (hereinafter, "Ocwen"), who was the

---

[1]"United States District Courts and Courts of Appeals have the responsibility to consider the question of subject matter jurisdiction <u>sua</u> <u>sponte</u> if it is not raised by the parties".  <u>J.A.R., Inc. v. M/V Lady Lucille</u>, 963 F.2d 96, 99 (5th Cir. 1992) (citing <u>Giannakos v. M/V Bravo Trader</u>, 762 F.2d 1295, 1297 (5th Cir. 1985)).

servicer of the mortgage. (Id., ¶¶ 13-14). The forbearance agreement required Plaintiffs to make a down payment and various installment payments to Ocwen, and Plaintiffs claim that they made the required down payment on May 27, 2004. (Id.).

Plaintiffs allege that on April 14, 2004, Ocwen appointed Defendant Edwin Baker as a "Substitute Trustee," for the purpose of conducting a foreclosure sale on the Corpus Christi property. (Id., ¶ 13). The foreclosure sale took place in June, 2004, and Defendant LaSalle Bank bid $58,539.78 for the property. (Id., ¶ 15). Following the foreclosure sale conducted by Defendant Baker, legal title on the property transferred from Plaintiffs to LaSalle Bank. (Id., ¶ 16). Plaintiffs maintain that the June, 2004 foreclosure sale was improper, because at the time Plaintiffs were not in default under the forbearance agreement with Ocwen. (Id., ¶ 17).

Plaintiffs state that they filed for Chapter 13 bankruptcy protection on January 3, 2005. (Id., ¶ 20). However, Plaintiffs maintain that Ocwen erroneously believes that Plaintiffs filed for bankruptcy protection at an earlier date, prior to the June, 2004 foreclosure sale of the Corpus Christi property. (Id., ¶ 25). Because Ocwen believes that Plaintiffs filed for bankruptcy prior to the foreclosure sale, Ocwen now maintains that the June, 2004 foreclosure was invalid. (Id.). Plaintiffs claim that this situation has caused confusion over the title of the property, preventing Plaintiffs from refinancing their home as a part of their Chapter 13 proceeding. (Id., ¶¶ 22-24, 31). With regard to the June, 2004 foreclosure, Plaintiffs claim that the foreclosure was valid but is subject to set-aside under various theories, including fraud, estoppel and misrepresentation. (Id., ¶¶ 27-28).

Plaintiffs claim that on April 24, 2007, Defendant Charles Brown, acting as "Substitute Trustee" for LaSalle Bank, executed an affidavit stating that Substitute Trustee Edwin Baker's earlier foreclosure sale was void, because Plaintiffs had already filed for bankruptcy. (Id., ¶ 28).

2

Plaintiffs claim that this affidavit is not true, that Plaintiffs did not file for bankruptcy prior to the June, 2004 foreclosure sale.  (Id.).  Plaintiffs claim that Defendant Brown's "action of filing this misleading and erroneous [a]ffidavit further clouds the issues and the title to the property." (Id., ¶ 29).

Plaintiffs claim that they have been damaged as a result of the June, 2004 foreclosure sale and resulting confusion over the title of the property.  Plaintiffs filed suit against Defendants Brown, Baker, Ocwen and LaSalle Bank[2] on September 27, 2007, in Texas state court.  (D.E. 1, Exh. B-1, Original Petition).  In their Original Petition, Plaintiffs bring claims against all Defendants for violations of the Texas Debt Collection Act, for unreasonable debt collection practices, intentional infliction of mental anguish, invasion of privacy and negligence.  (Id., ¶¶ 40-41, 45-48).  Plaintiffs also bring claims against Defendant Ocwen for violation of the Texas Deceptive Trade Practices Act, and for wrongful foreclosure and wrongful attempted foreclosure.  (Id., ¶¶ 42-43, 49-50).

Plaintiffs served Defendant Edwin Baker on November 8, 2007, and Defendant Charles Brown on November 9, 2007.  (Notice of Removal, ¶ 2).  Plaintiffs have not effectuated service on Defendants Ocwen or LaSalle Bank.  (Id.).  On December 7, 2007, Defendants Ocwen and LaSalle Bank removed the case to this Court, claiming diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and federal question jurisdiction pursuant to 28 U.S.C. § 1331.  (Id., p. 1). Specifically, Ocwen and LaSalle Bank claim that Texas citizens Edwin Baker and Charles Brown were fraudulently joined to defeat diversity jurisdiction, and that "there is diversity of citizenship among all *relevant* parties."  (Id., ¶ 6) (emphasis added).  The removing Defendants

---

[2]The named Defendant in the case is "LaSalle Bank as Trustee for the Certificate Holders of the Mortgage Pass-Through Certificates 1998-R1."  This Defendant is referred to in this Order as "LaSalle Bank."

also claim that federal question jurisdiction exists "because Plaintiffs assert claims the resolution of which will necessitate adjudication of substantial, disputed questions of federal law."  (Id., ¶ 20).

For the reasons set forth below, Defendants Baker and Brown were not fraudulently joined in this lawsuit, and the Court does not have diversity jurisdiction over this case.  Further, under the well-pleaded complaint rule, the Court does not have federal question jurisdiction over this action.

II.    **Discussion**

A.    **General Removal Principles**

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.  See 28 U.S.C. § 1441(a).  A court, however, "must presume that a suit lies outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001); see also Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).   In evaluating the propriety of a removal, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."  Manguno, 276 F.3d at 723; see also Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) ("doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction"); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

It is well-settled that the removing party bears the burden of showing that the removal was proper.  See Frank v. Bear Stearns & Co., 128 F.3d 919, 921-22 (5th Cir. 1997).  This burden extends to demonstrating both the jurisdictional basis for removal and compliance with

the requirements of the removal statute.  See Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995).  The question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed.  See Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939); Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993).

**B.**      **Diversity Jurisdiction**

**1.**      **Improper Joinder**

The removing Defendants claim that Texas citizens Edwin Baker and Charles Brown were fraudulently joined to defeat diversity jurisdiction.  (Notice of Removal, ¶ 9).  "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper."  Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004) (en banc). The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court.  See Crockett v. R.J. Reynolds Tobacco Co., 436 F.3d 529, 532 (5th Cir. 2006) (citing Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003)); see also Boone v. Citigroup, Inc., 416 F.3d 382, 388 (5th Cir. 2005).  As there is no allegation of actual fraud in Plaintiffs' Original Petition, the removing Defendants would have to establish improper joinder by demonstrating that there is no possibility of recovery by Plaintiffs against nondiverse Defendants Baker and Brown.  See Crockett, 436 F.3d at 532.  The Court resolves this matter by conducting an analysis under a rule similar to that of Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Court "must evaluate all of the factual allegations in the light most favorable to the plaintiff[s], resolving all contested issues of substantive fact in favor of the plaintiff[s]." Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th Cir. 2005) (citing B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)); see also Boone, 416 F.3d at 388; Smallwood, 385 F.3d

5

at 573.  The Court does "not determine whether the plaintiff[s] will actually or even probably prevail on the merits of [their state law] claim, but look[s] only for a possibility that the plaintiff[s] might do so."  Guillory, 434 F.3d at 308.  Ordinarily, if the plaintiffs can survive the Rule 12(b)(6) type challenge, there is no improper joinder.  See Smallwood, 385 F.3d at 573.  If the removing Defendants fail to establish improper joinder, then there is not complete diversity of citizenship among the parties, and the Court does not have diversity jurisdiction over the case.  See 28 U.S.C. §§ 1332, 1447(c).

### 2.    Possible Recovery Against Nondiverse Defendants

Plaintiffs make claims against nondiverse Defendants Baker and Brown in connection with their capacity as "Substitute Trustees" for Ocwen.  With regard to Defendant Baker, Plaintiffs claim that Mr. Baker erroneously proceeded with the June, 2004 foreclosure sale even though Plaintiffs were not in default under the terms of the forbearance agreement.  With regard to Defendant Brown, Plaintiffs claim that in connection with the rescission of the earlier foreclosure, Mr. Brown submitted a false affidavit  regarding the date Plaintiffs filed for bankruptcy protection.  As set forth below, taking Plaintiffs' allegations as true and drawing all inferences in Plaintiffs' favor, Plaintiffs could conceivably recover against Defendants Baker and Brown under Texas law.

Under Texas law, a trustee involved in a foreclosure "must act with absolute impartiality and fairness to the grantor in performing the powers vested in him by the deed of trust." Hammonds v. Holmes, 559 S.W.2d 345, 347 (Tex. 1977); see also Pou v. Brown & Shapiro, 1997 WL 102470, *2 (N.D. Tex. 1997) (internal citations and quotations omitted) ("It is not disputed that a trustee under a deed of trust has a duty to act with absolute impartiality and fairness to the grantor in performing the powers vested in him by the deed of trust. ... This duty is

breached when the trustee fails to comply strictly with the terms of the deed of trust."); Stephenson v. LeBoeuf, 16 S.W.3d 829, 837 (Tex. App.--Houston [14th Dist.] 2000) (a trustee "must act with absolute impartiality and with fairness to all concerned in conducting a foreclosure.").

In this case, Plaintiffs plead facts which, if true, would give rise to a claim for breach of the duty of absolute impartiality and fairness. Specifically, Plaintiffs plead that Defendant Baker improperly conducted a foreclosure sale at a time when Plaintiffs were not in default on the loan, and that Defendant Brown executed a false affidavit, improperly rescinding the foreclosure on the subject property. Such actions would not be consistent with Defendants Baker and Brown's duty of absolute impartiality and fairness to the parties involved in the foreclosure. Accordingly, "[v]iewing all factual allegations in a light most favorable to plaintiffs, which the court must, plaintiffs have alleged facts consistent with a breach of the duty of absolute impartiality. ... Thus there is a reasonable basis for predicting that Texas might impose liability on [Defendants Baker and Brown]." Pou, 1997 WL 102470 at *2.

### a.    Texas Property Code § 51.007

Also of note, contrary to the argument of the removing Defendants, Texas Property Code § 51.007(a) does not bar Plaintiffs from suing Defendants Baker and Brown. Specifically, Ocwen and LaSalle Bank argue that Texas Property Code § 51.007(a) "provides that substitute trustees may not be proper parties in an action challenging the propriety of mortgage foreclosures." (Notice of Removal, ¶ 13). Rather, Section 51.007 of the Texas Property Code provides a procedure under which a trustee *may* be dismissed from a case in certain circumstances. Specifically, Section 51.007(a) states that a trustee named in a suit "may plead in the answer [by a verified denial] that the trustee is not a necessary party" to the action." Tex.

7

Prop. Code § 51.007(a).  This verified denial must "stat[e] the basis for the trustee's reasonable belief that the trustee was named as a party solely in the capacity as a trustee".  <u>Id.</u>  Within thirty days, the plaintiff must then file a "verified response" rebutting the trustee's claim.  <u>Id.</u> at § 51.007(b).  If the plaintiff does not file a timely verified response, the trustee must be dismissed from the suit.  <u>Id.</u> at § 51.007(c).  However, if the plaintiff does file a timely verified response, the court will hold a hearing on the matter and will dismiss the trustee "*if the court determines that the trustee is not a necessary party.*"  <u>Id.</u> at § 51.007(d) (emphasis added).  Accordingly, contrary to the argument of the removing Defendants, Section 51.007 does *not* mandate dismissal of all claims against a trustee, but rather provides that a trustee may be dismissed under certain circumstances.

In this case, the answer of nondiverse Defendants Baker and Brown consisted only of a general denial.  (Notice of Removal, Exh. B-6, Baker and Brown Original Answer).  Defendants Baker and Brown did not plead by verified denial that they are not necessary parties to the case, as is required to initiate the procedure of Texas Property Code § 51.007.  <u>See</u>, <u>e.g.</u>, <u>Terra XXI, Ltd. v. Harmon</u>, 2007 WL 2032780, *2 (Tex. App.--Amarillo 2007).  Regardless, even if Defendants Baker and Brown had followed the requirements of the statute, they would not be automatically dismissed from the case.  <u>See</u> Tex. Prop. Code § 51.007(d).  Section 51.007 does not bar Plaintiffs from bringing claims against Defendants Baker and Brown as trustees, and the removing Defendants cannot rely on this statute to claim that Baker and Brown were fraudulently joined in this action.

### b.    <u>Removing Defendants' Agency Arguments</u>

Finally, the removing Defendants argue that because Defendants Baker and Brown served as Substitute Trustees for Ocwen, that Baker and Brown were agents of Ocwen and their

citizenship must be disregarded for purposes of diversity jurisdiction.   This argument is unpersuasive.  First, merely because Defendants Baker and Brown were Substitute Trustees does not mean that they were only acting as agents of Ocwen.  Rather, "[a] trustee exercising the authority to foreclose in accordance with the terms of a deed of trust *does not act merely as an agent or employee of the lienholder but has a separate capacity with a particular legal responsibility*."  Peterson v. Black, 980 S.W.2d 818, 822 (Tex. App.--San Antonio 1998) (emphasis added); Hammonds, 559 S.W.2d at 347 ("The trustee has a separate capacity and is imposed with a particular legal responsibility"); see also Perry v. Long, 222 S.W.2d 460, 467 (Tex. Civ. App. 1949) ("trustees are not agents"); Beggs v. Brooker, 79 S.W.2d 642, 643 (Tex. Civ. App. 1934) (same).

Further, even if Defendants Baker and Brown were acting as agents of Ocwen, their citizenship would not be disregarded for diversity purposes.  This is because an agent's citizenship is considered for diversity purposes if the plaintiff could conceivably hold the agent personally liable under state law.  See Hart v. Bayer Corp., 199 F.3d 239, 248 (5th Cir. 2000). As set forth above, Plaintiffs could conceivably hold Defendants Baker and Brown liable under Texas law.  Accordingly, even if Baker and Brown were considered agents of Ocwen, their citizenship would not be disregarded for purposes of diversity jurisdiction.

In sum, the removing Defendants have not met their heavy burden to show that Defendants Baker and Brown were fraudulently joined in this case.  Defendants Baker and Brown, like Plaintiffs, are Texas citizens.  Therefore, the Court does not have diversity jurisdiction over this action.  See 28 U.S.C. § 1332(a).

C.      **Federal Question Jurisdiction**

The removing Defendants claim that the Court has federal question jurisdiction over this case under 28 U.S.C. § 1331.  (Notice of Removal, ¶ 20).  However, as set forth below, under the well-pleaded complaint rule, the Court does not have federal question jurisdiction over this action.

1.      **Well-Pleaded Complaint Rule**

A federal district court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Generally, the determination of whether a court has federal question jurisdiction is resolved by application of the "well-pleaded complaint" rule.  Merrell Dow Pharms. v. Thompson, 478 U.S. 804, 808 (1986); Hart, 199 F.3d at 243.  This rule "provides that the plaintiff's properly pleaded complaint governs the jurisdictional inquiry.  If, on its face, the plaintiff's complaint raises no issue of federal law, federal question jurisdiction is lacking."  Hart, 199 F.3d at 243 (citing Franchise Tax Bd. v. Laborers Vacation Trust, 463 U.S. 1, 10 (1983)); see also Self-Ins. Inst. of Am., Inc. v. Korioth, 993 F.2d 479, 483 (5th Cir. 1993) ("it is axiomatic that to invoke federal question jurisdiction, a federal issue must appear on the face of the complaint").  "The plaintiff is thus the master of her complaint."  Carpenter, 44 F.3d at 366.  Where a plaintiff has a choice between federal and state law claims, he "may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but taking the risk that his federal claims will one day be precluded."  Id.

A defendant cannot establish federal question jurisdiction merely by showing that federal law will "apply" to a case or that there is a "federal issue" in the plaintiff's state law causes of action.  Id.; see also Thompson, 478 U.S. at 813.  Similarly, it is insufficient for a defendant to

show that there is a federal defense (including the defense of preemption) to a plaintiff's state law claims.  See, e.g., Hoskins v. Bekins Van Lines, 343 F.3d 769, 772 (5th Cir. 2003); Carpenter, 44 F.3d at 366.

###        2.        Application of Well-Pleaded Complaint Rule

In this case, Plaintiffs' Original Petition does not raise any issues of federal law.  (See generally, Original Petition).   Rather, Plaintiffs assert *only* Texas state law claims against Defendants.  Specifically, Plaintiffs assert claims under the Texas Debt Collection Act and the Texas Deceptive Trade Practices Act, along with Texas common law wrongful foreclosure, wrongful attempted foreclosure, intentional infliction of mental anguish, invasion of privacy and negligence.  Plaintiffs make no reference whatsoever to federal law.  The removing Defendants claim that Plaintiffs' state law claims are "depend[ent]" on the federal Fair Debt Collection Practices Act and the Real Estate Settlement Procedures Act.  (Notice of Removal, ¶¶ 22-23). Specifically, the removing Defendants point to certain portions of Plaintiffs' Original Petition and claim that those sections are relevant to the above-referenced federal statutes.   (Id.). However, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction" over a case.  Thompson, 478 U.S. at 813; Willy v. Coastal Corp., 855 F.2d 1160, 1168 (5th Cir. 1988) (same); see also MSOF Corp. v. Exxon Corp., 295 F.3d 485, 491-92 (5th Cir. 2002) (finding no federal question jurisdiction where "[t]he vindication of ... plaintiffs' rights does not turn on resolution of a federal question.").   The Plaintiffs are the "master[s] of [their] complaint", and in this case they have chosen to proceed exclusively under state law.  Carpenter, 44 F.3d at 366.  Because "[P]laintiff's [Original Petition] raises no issue of federal law, federal question jurisdiction is lacking."  Hart, 199 F.3d at 243.

IV.     <u>**Conclusion**</u>

For the reasons stated above, this Court determines that it does not have jurisdiction over the above-styled action.  The action is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the County Court at Law No. 1 of Nueces County, Texas, where it was originally filed and assigned Cause Number 07-62169-1.

SIGNED and ORDERED this 4th day of January, 2008.

Janis Graham Jack
United States District Judge